UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RANDY HOVANCE,

                           Plaintiff,

       -against-

WILLIAMS, ALEXANDER & ASSOCIATES, INC.,

                          Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-856 (JMA) (ST)

FILED
CLERK
12/29/2020 12:19 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court is the motion of plaintiff Randy Hovance ("Plaintiff") for default judgment against defendant Williams, Alexander & Associates, Inc. ("Defendant"). For the reasons stated herein, Plaintiff's motion is **GRANTED**.

## I. DISCUSSION

### A. Defendant Defaulted

    Defendant was properly served in the action, but has not appeared, answered, or responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

    When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, Plaintiff brings claims for violations of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) The Court finds that the allegations in the complaint are sufficient to establish Defendant's liability.

### C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court finds that Plaintiff has established $1,000.00 in statutory damages, $4,507.00 in attorneys' fees[1] and $465.00 in costs.

## II.  CONCLUSION

The Clerk of Court is respectfully directed to enter judgment against Defendant for $1,000.00 in statutory damages, $4,507.00 in attorneys' fees, and $465.00 in costs.  Plaintiff is also directed to serve a copy of this Order on Defendant and file proof of service on ECF within seven (7) days.

**SO ORDERED.**

Dated:  December 29, 2020
　　　　Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/   (JMA)
　　　　　　　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff seeks attorneys' fees at a rate of $450.00 per hour for his attorneys, Craig B. Sanders and David M. Barshay.  Recently, this Court analyzed a similar request for attorneys' fees from Mr. Sanders and Mr. Barshay in granting a motion for default judgment under the FDCPA.  In that case, the Court determined that these attorneys' requested hourly rate of $525.00 was unreasonable, and instead found "that an hourly rate of $350.00 for both Mr. Sanders and Mr. Barshay is appropriate, as this case 'did not present any novel or difficult questions of law and did not require a high level of skill.'"  Brown v. Joben Enterprises, Inc., No. 17-CV-6421, 2019 WL 1934521, at *2 (E.D.N.Y. Apr. 30, 2019) (quoting Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017)).  Here, the Court likewise finds that a $350.00 per hour rate for the work of Mr. Sanders and Mr. Barshay is reasonable given that this case also did not present novel or difficult questions of law.  Accordingly, Plaintiff is awarded $4,480.00 for the 12.8 hours of work of Mr. Barshay and Mr. Sanders and $27.00 for the 0.3 hours of work of their paralegal, Angeliza Franco.